IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JESSE JAMES MILLER,

                        Plaintiff,                                OPINION AND ORDER

        v.
                                                                  23-cv-532-wmc
KAY C. MACKESEY,
VILLAGE OF LAKE DELTON,
JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4,
and JOHN DOE 5,

                        Defendants.

*Pro se* plaintiff Jesse James Miller brings this suit against the Village of Lake Delton ("Village") and Kay Mackesey,[1] the Village clerk-treasurer-coordinator, allegedly for foreclosing on his properties without taking an oath of office. Although Miller paid the full filing fee for this action, the court still has the inherent authority to screen it. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). In doing so, the court accepts Miller's allegations as true and construes them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). For the following reasons, the court will dismiss Miller's complaint with prejudice for failure to state a federal claim and dismiss any remaining state law claims without prejudice for lack of subject matter jurisdiction.

---

[1] Miller also lists five John Doe defendants in the caption, but he provides no information about what they did in the complaint, so this opinion does not further address them.

OPINION

Miller's complaint is difficult to follow, but the court understands his constitutional and statutory claims to center around a series of allegedly, illegal foreclosures on his properties by the Village.   Specifically, he asserts that Village Clerk Mackesey, who apparently signed foreclosure-related documents in the Village's name, lacked the authority to do so, having allegedly not taken an oath of office.   Miller further alleges that the Village had a "policy and custom" of not requiring Mackesey to take an oath, and thus, regularly allowing her to act without legal authority.

As an initial matter, Miller only speculates that Mackesey did not take an oath, since she allegedly did not respond to his public records requests for her oath.   Regardless, all of his oath-related claims are frivolous since he does not need to plead a legal theory, *Hatmaker v. Memorial Medical Center*, 619 F.3d 741, 743 (7th Cir. 2010), and alleges no facts showing that Mackesey violated a federal constitutional or statutory right.

First, even if Mackesey seized Miller's property when she signed foreclosure-related documents, he alleges nothing suggesting that Mackesey's failure to take an oath made the seizure unreasonable.   *See* U.S. Const. amend. IV (listing the "right of the people to be secure . . . against *unreasonable* searches and seizures." (emphasis added)).   Second, he alleges no facts showing that Mackesey's lack of an oath rendered any foreclosure proceeding against him inadequate.   *See Sherwood v. Marchiori*, 76 F.4th 688, 694 (7th Cir. 2023) (explaining that, among other elements, "inadequate state process" is required to show a procedural-due-process violation).   Third, he alleges no facts showing that Mackesey's lack of an oath rendered the foreclosure of his property a taking—that is,

2

private property taken for public use, without just compensation.  *See* U.S. Const. amend. V ("nor shall private property be taken for public use, without just compensation.").

Miller also does not establish a constitutional violation by alleging that defendants violated Wisconsin law or a *Monell*[2] claim against the Village.  At most, Miller alleges that defendants violated Wisconsin statutes (Wis. Stat. §§ 19.01, 61.19, 61.25) dealing with oaths of office and the duties of village clerks or an article of the Wisconsin constitution also dealing with oaths (Wis. Const. art. IV, § 27).  However, violations of state law do not generally give rise to claims under the U.S. Constitution.  *Cf. Archie v. Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (stating that the U.S. Constitution does not require state officials to comply with state law).  Further, Miller does not state a *Monell* claim by alleging that the Village had a "policy or custom" of not instructing Mackesey to take her oath of office because, as explained above, he did not allege that Mackesey violated his constitutional rights.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (explaining that *Monell* liability cannot survive without an underlying constitutional violation by an individual defendant).

Miller does not state a federal statutory claim either because the only federal statute that he asserts the defendants violated, 5 U.S.C. § 3331, does not apply to Mackesey or the Village.  *See* 5 U.S.C. § 3331 ("An individual . . . elected or appointed to an office of honor or profit in the *civil service* . . . shall take the following oath" (emphasis added)); 5 U.S.C. § 2101 ("the 'civil service' consists of all appointive positions in the executive,

---

[2] *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that a municipality may be held liable for constitutional violations only if the violations were caused by the municipality itself through its own policy or custom).

judicial, and legislative branches of the Government of the United States"). In any event, § 3331 does not give rise to a private right of action. *See Eleson v. Lizarraga*, No. 2:19-CV-0112, 2019 WL 4166799, at *5 (E.D. Cal. Sept. 3, 2019) (concluding that there is no private right of action to enforce an alleged violation of the oath of office) (collecting cases).

Finally, when all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (courts usually decline to exercise supplemental jurisdiction over "pendent state-law claims" if "all federal claims are dismissed before trial"). Because the court has dismissed all of Miller's federal claims, any Wisconsin-law claims based on Mackesey's alleged lack of an oath are also dismissed without prejudice.

There is no apparent basis for Miller to pursue a federal claim against any of the proposed defendants for Mackesey's alleged failure to take an oath of office. For that reason, the court will dismiss this action without leave to amend, since any amended pleading would undoubtedly be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

ORDER

IT IS ORDERED that:

1)  Plaintiff Jesse James Miller's complaint, dkt. #1, is dismissed with prejudice for failure to state a federal claim upon which relief may be granted.

2)  Any remaining state law claim is dismissed without prejudice for lack of subject matter jurisdiction.

3)  The clerk of court is directed to enter judgment and close this case.


Entered this 30th day of October, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5